IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHYLLIS TALBOT SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-617-WKW [WO] |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/ ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KELLY TIPTON LEE, as Administrator ) | |
| of the Estate of Nathan Wade Hall, ) | |
| ) | |
| Third Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION AND BACKGROUND**

This case arises out of an automobile accident involving Plaintiff Phyllis Talbot Smith and uninsured/underinsured motorist Nathan Wade Hall.  On March 15, 2009, a vehicle driven by Mr. Hall struck Ms. Smith's vehicle from behind as she waited to make a left-hand turn.  Mr. Hall was later adjudicated guilty of driving while intoxicated on the occasion of the collision, in violation of Alabama Code § 32-5A-191. Ms. Smith now brings this action against her automobile insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), for uninsured motorist benefits.  (Doc. # 1.)  Ms. Smith claims that

she is entitled to uninsured motorist benefits for all legally recoverable damages resulting from Mr. Hall's negligent and/or wanton conduct. State Farm, claiming a right of subrogation for any payment made to Ms. Smith, filed a third-party complaint against Mr. Hall's estate[1] on August 16, 2009. (Doc. # 16.)

This cause is before the court on Ms. Smith's motion for partial summary judgment on the issue of Mr. Hall's negligence (Doc. # 31) and motion to sever/motion to separate the State Farm's third-party subrogation claim from the uninsured motorist claim (Doc. # 30). Ms. Smith also requests that the court "enter judgment that, as a matter of law, if [Ms. Smith] receives a verdict against State Farm on her uninsured motorist claim, State Farm is entitled to judgment in like amount and to the same extent against [Mr.] Hall on the third party subrogation claim." (Doc. # 32.) State Farm concedes the issue of Mr. Hall's liability, but only as to his negligence (not wantonness), opposes the motion to sever/motion for separate trials, and opposes the request to enter judgment as a matter of law on the third-party subrogation claim.

Upon careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that the motion for partial summary judgment on the issue of Mr. Hall's negligence is due to be granted, the motion to sever/motion for separate trials is due to be denied, and the request for judgment as a matter of law on the third-party subrogation claim is due to be denied.

---

[1] Mr. Hall passed away subsequent to the filing of this lawsuit from causes unrelated to the automobile accident at issue.

## II.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  DISCUSSION

**A.**     <u>**Motion for Partial Summary Judgment**</u>

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*); Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2).

Here, Ms. Smith moves for summary judgment on the sole issue of whether Mr. Hall was negligent in causing the accident, reserving for trial the issues of wantonness and damages. State Farm concedes Mr. Hall's negligence. (*See* Doc. # 34, at 3 ("There is no dispute that [Ms. Smith] had slowed or was stopped, preparing to make a left hand turn, when Mr. Hall's vehicle struck her from behind. State Farm, therefore, raises no objection to this Court's entry of summary judgment as to the liability portion of [Ms. Smith's] negligence claim.").) Accordingly, the court finds that there is no genuine issue of material fact as to Mr. Hall's negligence, and summary judgment on this issue is due to be granted.

**B.     Motion for Separate Trials**

Under the Federal Rules of Civil Procedure, a district court may order a separate trial of a third-party claim "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Ms. Smith moves for a separate trial on the basis of prejudice, claiming that "State Farm's claim against the estate of [Mr.] Hall unnecessarily injects the issue of sympathy for the decedent's personal representative into the case." (Doc. # 30, at 4.) She further asserts that there is no jury issue on the claim involving Mr. Hall's estate, and, therefore, the estate's presence in the suit is not necessary.

As to the former point, the court is not convinced that Ms. Smith would be prejudiced by the presence of Mr. Hall's estate in her case against State Farm. Ms. Smith contends that the presence of the estate would improperly influence the jury, but does not explain how this is so. She simply states that "[s]ympathy for the estate is an improper consideration by the

4

jury and inclusion of the estate in the jury portion of the case would prejudice [Ms. Smith's] case." (Pl.'s Reply Br. 4 (Doc. # 39).) However, it is unclear at this point how sympathy for the decedent would lead to bias in favor of the defendant, State Farm.[2]

The parties do not address the other bases for granting a motion for separate trials under Rule 42(b), *i.e.*, convenience or judicial economy. Instead, they focus on the following issues: (1) whether Ms. Smith must bring suit against Mr. Hall's estate prior to filing suit against State Farm (*see* Doc. # 30); (2) whether the tortfeasor is a "necessary party" in an action for punitive damages (*see* Doc. # 35); and (3) whether Ms. Smith may recover punitive damages against State Farm (*see* Doc. # 40). It is clear that under Alabama law, in an action for uninsured motorist benefits, Ms. Smith need not bring suit against the tortfeasor prior to filing suit against her insurer, *see State Farm Mut. Auto. Ins. Co. v. Griffin*, 286 So. 2d 302, 306 (Ala. 1973), and that Ms. Smith may recover punitive damages from State Farm, *see Lavendar v. State Farm Mut. Auto. Ins. Co.*, 828 F.2d 1517, 1518 (11th Cir. 1987). What is not clear, however, is how these issues are relevant to the Rule 42(b) motion.

As the Alabama Supreme Court has held, "the power of the court to decide in one lawsuit the issues of the insurer's subrogation and liability on a policy of insurance was recognized long before the adoption of the Rules of Civil Procedure." *Barnes v. Tarver*, 360 So. 2d 953, 956 (Ala. 1978). Accordingly, for purposes of judicial economy, and because

---

[2] Of course, nothing in this order precludes Ms. Smith from raising evidentiary objections, motions in limine, objections to jury instructions, etc., at the proper time, and with the proper support.

Ms. Smith has not shown that she would be prejudiced by the third-party subrogation claim, Ms. Smith's motion for separate trials is due to be denied.

**C.     Subrogation**

Ms. Smith further requests that the court enter a ruling that if Ms. Smith recovers against State Farm, State Farm is entitled to subrogation from Mr. Hall's estate as a matter of law.  However, this request is premature, as the right to subrogation does not arise until the insurer has "paid the insured [her] loss according to the contract."  *Aetna Ins. Co. v. Hann*, 72 So. 48, 51 (Ala. 1916).  Ms. Smith acknowledges as much.  (*See* Doc. # 30, at 4 ("State Farm has no right to subrogation unless and until State Farm is found liable to [Ms. Smith] under the uninsured motorist coverage.").)  Furthermore, Ms. Smith provides no support for the proposition that it is appropriate – at this time, on this record – for her to move for (or be granted) summary judgment on State Farm's claim.  For these reasons, Ms. Smith's request is due to be denied.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows: Ms. Smith's motion for partial summary judgment on the issue of Mr. Hall's negligence (Doc. # 31) is GRANTED; Ms. Smith's motion to sever/motion for separate trials (Doc. # 30) is DENIED; and Ms. Smith's request for judgment as a matter of law on State Farm's future right to subrogation (Doc. # 32) is DENIED.

DONE this 9th day of June, 2010.

                                                /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE